**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**CASE NO.:**

ANISH PATEL,

        Plaintiff,

v.

COX ENTERPRISES, INC. dba THE
ATLANTA JOURNAL-
CONSITUTION, and ROLLINS, INC.,

        Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff ANISH PATEL by and through his undersigned counsel, brings this

Complaint against Defendants COX ENTERPRISES, INC. dba THE ATLANTA

JOURNAL-CONSTITUTION and ROLLINS, INC. for damages and injunctive

relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1.     Plaintiff ANISH PATEL ("Patel") brings this action for violations of

exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute

Patel's original copyrighted Work of authorship.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

2. Patel is a self-taught landscape photographer based in Georgia. Since 2014, Patel has photographed such landscapes as Northern California, Southern California, Eastern Sierras, Colorado, Utah, Arizona, Joshua Tree, Washington, Hawaii and Florida. In order to create his spectacular and breath-taking images, Patel travels to remote locales, often hiking and backcountry camping.

3. Defendant COX ENTERPRISES, INC. ("CEI") is a global communications and automotive corporation, which owns and operates multiple nationally-recognized brands such as Autotrader, Kelley Blue Book, and Cox Homelife. CEI also owns and operates multiple television stations, radio stations, and newspapers across America, including but not limited to the Atlanta Journal-Constitution, the premier daily newspaper in Atlanta, Georgia. The Atlanta Journal was established in 1883, and is headquartered in Atlanta, Georgia. At all times relevant herein, CEI owned and operated the internet website located at the URL www.ajc.com (the "Website").

4. Defendant Rollins, Inc. ("Rollins, Inc.") is a North American pest control company serving residential and commercial clients worldwide. The company started as Rollins Broadcasting in 1948, founded by John W. Rollins and his brother, O. Wayne Rollins. Gary Rollins, son of O. Wayne Rollins, has been the CEO since July 24, 2001. The family-owned company has has grown to

become one of the leading worldwide residential pest control services, and maintains its corporate headquarters in Atlanta, Georgia.

5.     Defendants CEI and Rollins, Inc. are collectively referred to herein as "Defendants."

6.     Patel alleges that his copyrighted Work was accessed and copied from the internet by one or both of the Defendants in order to advertise, market and promote their business activities.  Defendants committed the violations alleged in connection with their businesses for purposes of advertising and promoting sales to the public.

## JURISDICTION AND VENUE

7.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9.     Defendants are subject to personal jurisdiction in Georgia.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

## DEFENDANTS

11.     Cox Enterprises, Inc. d/b/a The Atlanta Journal-Constitution is a corporation formed and existing under the laws of the state of Delaware, with its principal place of business at 6205-A Peachtree Dunwoody Road, Atlanta, GA 30328, and can be served by serving its Registered Agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

12.     Rollins, Inc. is a corporation formed and existing under the laws of the state of Delaware, with its principal place of business at 2170 Piedmont Road NE, Atlanta, Georgia, 30324, and can be served by serving its Registered Agent, United Agent Group, Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066.

## THE COPYRIGHTED WORK AT ISSUE

13.     In 2015, Patel created the photograph entitled "Downtown Atlanta Pano", which is shown below and referred to herein as the "Work".



14.     At the time Patel created and published the Work, he also applied copyright management information to the Work consisting of an attribution

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

appearing next to the Work wherever it was displayed, as well as copyright notices embedded in the metadata of the image file.

15. Patel registered the Work with the Register of Copyrights on January 22, 2018 and was assigned the registration number VA 2-113-967. The Certificate of Registration is attached hereto as Exhibit 1.

16. Patel's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

17. At all relevant times Patel was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

18. Neither of the Defendants has ever been licensed to use the Work at issue in this action for any purpose.

19. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

20. On or about November 26, 2019, Patel discovered the unauthorized use of his Work on Rollins' company LinkedIn page, at https://www.linkedin.com/company/rollins-inc. (the "Website").

21.    Upon information and belief, one or both of the Defendants copied Patel's copyrighted Work without Patel's permission.

22.     Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

23.    Patel never gave either Defendant permission or authority to copy, distribute or display the Work at issue in this case.

24.    Patel notified Defendants of the allegations set forth herein on multiple occasions, including but not limited to November 3, 2021, April 22, 2022, and May 12, 2022.  To date, the parties have failed to resolve this matter.

25.    When Defendants copied and displayed the Work at issue in this case, one or more of the Defendants removed Patel's copyright management information from the Work.

26.    Patel never gave Defendants permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT BY
## DEFENDANT ROLLINS, INC.

27.    Patel incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.    Patel owns a valid copyright in the Work at issue in this case.

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

29. Patel registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Upon information and belief, and alternatively to Count II below, Rollins copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Patel's authorization in violation of 17 U.S.C. § 501.

31. Rollins copied, displayed, and distributed Patel's copyrighted Work in connection with its business for purposes of advertising and promoting its business through social media, and in the course and scope of advertising and selling its products and services.

32. After Rollins copied the Work, it made further copies, then displayed and distributed the Work on the internet to promote its sale of goods and services as part of its commercial and residential pest control business.

33. Rollins performed the acts alleged in the course and scope of its business activities.

34. Rollins' acts were willful.

35. Patel has been damaged.

36. The harm caused to Patel has been irreparable.

**SRIPLAW**

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

## COUNT II
## DIRECT COPYRIGHT INFRINGMENT BY
## DEFENDANT COX ENTERPRISES, INC.

37.     Patel incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

38.     Patel owns a valid copyright in the Work at issue in this case.

39.     Patel registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

40.     Upon information and belief, and alternatively to Count I above, CEI copied, displayed, and distributed the Work at issue in this case and distributed the Work without Patel's authorization in violation of 17 U.S.C. § 501.

41.     CEI copied and distributed Patel's copyrighted Work in connection with its business for purposes of advertising and promoting its business of recommending, promoting, and marketing local businesses.

42.     CEI copied and distributed the Work at issue in this case and made derivatives of the Work without Patel's authorization in violation of 17 U.S.C. § 501.

43.     CEI performed the acts alleged in the course and scope of its business activities.

44.     CEI's acts were willful.

45.    Patel has been damaged.

46.    The harm caused to Patel has been irreparable.

**COUNT III**
**ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION**
**BY DEFENDANT COX ENTERPRISES, INC.**

47.    Patel incorporates the allegations of paragraphs 1 through 26 of this

Complaint as if fully set forth herein.

48.    The Work at issue in this case contains false copyright management

information ("CMI") in the form of the Atlanta-Journal Constitution name and

logo superimposed on the center of the Work, as shown here:



49.     Alternatively to Count IV, below, CEI knowingly and with the intent

to enable or facilitate copyright infringement, added its own CMI to the Work at

issue in this action in violation of 17 U.S.C. § 1202(a)(1).

50.    CEI knowingly and with the intent to enable or facilitate copyright

infringement, distributed the Work with its CMI included, in violation of 17 U.S.C.

§ 1202(a)(2).

51.    After applying the false CMI to the Work, CEI published the Work in violation of 17 U.S.C. § 1202(a).

52.    Patel has been damaged.

53.    The harm caused to Patel has been irreparable.

## COUNT IV
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION BY DEFENDANT, ROLLINS, INC.

54.    Patel incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

55.    The Work at issue in this case contains false copyright management information ("CMI") in the form of the Atlanta-Journal Constitution name and logo superimposed on the center of the Work, as shown here:



56.    Alternatively to Count III, above, Rollins knowingly and with the intent to enable or facilitate copyright infringement, added CEI's CMI, to the Work at issue in this action in violation of 17 U.S.C. § 1202(a)(1).

57. Rollins knowingly and with the intent to enable or facilitate copyright infringement, distributed the Work with CEI's CMI included, in violation of 17 U.S.C. § 1202(a)(2).

58. After applying the false CMI to the Work, Rollins published the Work in violation of 17 U.S.C. § 1202(a).

59. Patel has been damaged.

60. The harm caused to Patel has been irreparable.

**COUNT V**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**
**BY DEFENDANT COX ENTERPRISES, INC.**

61. Patel incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

62. The Work at issue in this case contained Patel's copyright management information ("CMI"), in the form of an attribution to Patel included below the Photograph, as shown in part below:



63.    Alternatively to Count VI, below, CEI knowingly and with the intent to enable, conceal, or facilitate copyright infringement, copied and edited the Work while removing Patel's attribution in violation of 17 U.S.C. § 1202(b), in addition to removing the copyright management information present in the metadata.

64.    CEI distributed the Work knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

65.    CEI committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Patel's rights in the Work.

66.    CEI caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it would induce, enable,

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

facilitate or conceal infringement of Patel's rights in the Work at issue in this action protected under the Copyright Act.

67.    Patel has been damaged.

68.    The harm caused to Patel has been irreparable.

## COUNT VI
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION BY DEFENDANT, ROLLINS, INC.

69.    Patel incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

70.    The Work at issue in this case contained Patel's copyright management information ("CMI"), in the form of an attribution to Patel included below the Photograph, as shown in part below:



**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

71.    Alternatively to Count V, above, Rollins knowingly and with the intent to enable, conceal, or facilitate copyright infringement, copied and edited the Work while removing Patel's attribution in violation of 17 U.S.C. § 1202(b), in addition to removing the copyright management information present in the metadata.

72.    Rollins distributed the Work knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

73.    Rollins committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Patel's rights in the Work.

74.    Rollins caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Patel's rights in the Work at issue in this action protected under the Copyright Act.

75.    Patel has been damaged.

76.    The harm caused to Patel has been irreparable.

WHEREFORE, the Plaintiff Anish Patel prays for judgment against the Defendants Cox Enterprises, Inc. and Rollins, Inc. that:

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

a.      Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1203;

b.      Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

c.      Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.      Plaintiff be awarded pre- and post-judgment interest; and

e.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: November 23, 2022          Respectfully submitted,


/s/Evan A. Andersen
EVAN A. ANDERSEN
Georgia Bar Number: 377422
Evan.andersen@sriplaw.com

**SRIPLAW, P.A.**
3372 Peachtree Road

15
**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

Suite 115
Atlanta, GA 30326
404.496.6606 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN
Georgia Bar Number: 979716
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21310 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Anish Patel*

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C

The undersigned does hereby certify that this pleading was prepared in Times New Roman font, 14-Point, in compliance with Local Rule 5.1.C.

Dated:  November 23, 2022                Respectfully submitted,

/s/ Evan A. Andersen
EVAN A. ANDERSEN
Georgia Bar No. 377422
evan.andersen@sriplaw.com

**SRIPLAW**
3372 Peachtree Road
Suite 115
Atlanta, GA 30326
404.496.6606 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN
Georgia Bar No. 979716
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Anish Patel*